United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FACEBOOK, INC.,

    Plaintiff,

    v.

VARIOUS, INC. ET AL.,

    Defendants.

_____/

No. C-11-01805-SBA (DMR)

**OPINION AND ORDER ON PLAINTIFF'S REQUEST FOR EXPEDITED DISCOVERY**

    Before the court is Plaintiff Facebook, Inc.'s ("Plaintiff" or "Facebook") request for expedited discovery, submitted in the parties' joint discovery letter of May 31, 2011. [Docket No. 36 ("Letter").] Plaintiff seeks limited discovery from Defendants Various, Inc., GMCI Internet Operations, Inc., Traffic Cat, Inc., and Friendfinder Networks, Inc. ("Named Defendants") for the purpose of identifying as-of-yet unnamed defendants ("Unnamed Defendants"; together with Named Defendants, "Defendants") and to facilitate its submission of a motion for preliminary injunction. Named Defendants oppose the request. For the reasons provided below, the court denies Plaintiff's request.

**I. Plaintiff's Position**

    Facebook filed suit in this Court on April 13, 2011 to enjoin Defendants' "ongoing infringement of the famous FACEBOOK trademark to promote an online 'adult' networking service and affiliate program." (Compl. ¶ 1.) In total, Facebook presents nine causes of action based upon

Federal and California state law. (*See* Compl. ¶¶ 41-122.) Of particular importance to the pending request, Plaintiff claims that Named Defendants operate, *inter alia*, "a widespread infringing affiliate network that pays, and provides infringing promotional materials to, third party website operators," i.e. Unnamed Defendants. (Letter 2 (citation omitted); *see* Compl. ¶¶ 9, 23, 26, 29-31, 33-34.)

Plaintiff argues that the court should grant its request because "[Plaintiff] is unaware of the identities and/or contact information for [Unnamed Defendants]." (Letter 1.) According to Plaintiff, its investigations reveal that "more than 100 domain names" appear to participate in Named Defendants' "affiliate program." (Letter 2.) Plaintiff further avers that it cannot learn the identities of the domain names' owners absent discovery, because "many of the domain names were registered in the anonymous name of Domains by Proxy, and other listed owners appear[] to be false identities." (Letter 2; *see* Letter 4.) Due to the financial relationships between Named and Unnamed Defendants, however, "Named Defendants will necessarily have contact and payment information for these individuals or entities." (Letter 4.) Plaintiff thus seeks expedited discovery from Named Defendants so that it may obtain this information, identify Unnamed Defendants, and bring them into the litigation by amending the Complaint.

Plaintiff also asserts that its intent to file a motion for preliminary injunction demonstrates the need for expedited discovery. (Letter 1.) It claims that Named and Unnamed Defendants continue to operate in concert, with the Unnamed Defendants' "continu[ing] to use the FACEBOOK trademark in numerous domains and sites" and Named Defendants' "continu[ing] to benefit from accepting traffic from [Unnamed] Defendants' infringing sites." (Letter 3.) Given this allegedly ongoing harm, Plaintiff states that it will file a motion for preliminary injunction "as soon as practicable" and, consequently, requires expedited discovery so that it may

> (1) identify and serve [Unnamed] Defendants within the time period contemplated by Rule 4(m) [of the Federal Rules of Civil Procedure]; (2) ensure that the [Unnamed] Defendants are bound by any preliminary injunction issued by the Court; and (3) present the Court with a more complete record upon which to consider [its] motion for preliminary injunction.

(Letter 3; *see also* Compl. ¶ 123 (stating Facebook's intention to seek preliminary injunction).)

## II. Named Defendants' Position

Named Defendants oppose Plaintiff's request for expedited discovery, lambasting it as a "fishing expedition to search for other entities to sue and to interfere with [Named Defendants'] business references." (Letter 1.) More succinctly, they believe Plaintiff's discovery requests to be overbroad. (Letter 2.) They also deny the existence of an "emergency" warranting expedited discovery, as Plaintiff has not filed a motion for preliminary injunctive relief, (Letter 2; *accord* Letter 6), although it has been "two and a half years since the allegedly infringing conduct and six months since the parties first started talking." (Letter 8.) Moreover, they insist that Defendant Traffic Cat, Inc.'s voluntary decision to disable the facebookofsex.com website has rendered moot the supposedly only valid basis for which Plaintiff could seek a preliminary injunction against Named Defendants. (Letter 6.)

## III. Standard of Review

A court will grant a motion for expedited discovery "upon a showing of good cause." *Am. Legalnet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009) (quoting *In re Countrywide Fin. Corp. Derivative Litig.*, 542 F. Supp. 2d 1160, 1179 (C.D. Cal. 2008)) (quotation marks omitted); *accord Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275 (N.D. Cal. 2002). Good cause exists where "the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Am. Legalnet, Inc.*, 673 F. Supp. 2d at 1066 (quoting *In re Countrywide Fin. Corp. Derivative Litig.*, 542 F. Supp. 2d at 1179) (quotation marks omitted); *accord Semitool, Inc.*, 208 F.R.D. at 276. The court must perform this evaluation in light of "the entirety of the record . . . and the reasonableness of the request in light of all the surrounding circumstances." *Semitool, Inc.*, 208 F.R.D. at 275 (citation & quotation marks omitted) (emphasis removed); *see Am. Legalnet, Inc.*, 673 F. Supp. 2d at 1067. Factors that affect the court's assessment of the reasonableness of a request include "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Am. Legalnet, Inc.*, 673 F. Supp. 2d at 1067 (citation & quotation marks omitted). Even if the court grants a party expedited discovery, in the

interests of justice, it may tailor its ruling to avoid "excessive or burdensome discovery." *Id.* (citation & quotation marks omitted).

### IV. Discussion

Plaintiff has failed to demonstrate good cause for expedited discovery. Courts in this Circuit permit expedited discovery to identify unknown defendants usually when the plaintiff simultaneously can identify no defendants and legitimately fears that information leading to their whereabouts faces imminent destruction. *See, e.g.*, *UMG Recordings, Inc. v. Doe*, No. C-08-1193, 2008 WL 4104214, at *4 & n.3 (N.D. Cal. Sept. 3, 2008) (not reported in F. Supp.); *Arista Records LLC v. Does 1-43*, No. 07-CV-2357, 2007 WL 4538697, at *1 (S.D. Cal. Dec. 20, 2007) (not reported in F. Supp.); *Capitol Records, Inc. v. Doe*, No. 07-CV-1570, 2007 WL 2429830, at *1 (S.D. Cal. Aug. 24, 2007) (not reported in F. Supp.). Plaintiff faces neither circumstance. Here, Plaintiff may obtain discovery to identify Unnamed Defendants during the normal course of discovery. Moreover, Plaintiff has not argued that relevant information may be in danger of destruction.

Similarly, while courts often find good cause when confronted with a pending motion for preliminary injunction, *Am. Legalnet, Inc.*, 673 F. Supp. 2d at 1066; *Ellsworth Assocs., Inc. v. United States*, 917 F. Supp. 841, 844 (D.D.C. 1996), they usually do not when presented with a party's mere inclination to file such a motion. *See Qwest Commc'ns Int'l, Inc. v. Worldquest Networks, Inc.*, 213 F.R.D. 418, 420 (D. Colo. 2003) (citing *Gucci Am., Inc. v. Daffy's, Inc.*, No. 00-4463, 2000 WL 1720738, at *5 (D.N.J. 2000) (denying request for expedited discovery where there was no pending motion for preliminary injunctive relief)). Nothing has prevented Plaintiff from filing a preliminary injunction, which it later could move to amend once it knew Unnamed Defendants' identities.

Finally, the court notes that Plaintiff's discovery requests are so broad as to be implausibly tailored for the sole purposes of discerning Unnamed Defendants' identities and crafting a motion for preliminary injunction. (*See, e.g.*, Letter Ex. A at 6 (asking Named Defendants to "[I]DENTIFY EACH PERSON with knowledge of the creation, design, development, selection, and adoption of DEFENDANTS' MARK) (asking Named Defendants to "[d]escribe in detail any instances of actual confusion, mistake, or association between the DEFENDANTS' MARK and the FACEBOOK MARKS"),

4

15 (requesting that Named Defendants produce "[a]ll DOCUMENTS that refer to, reflect, mention, or otherwise indicate YOUR first use of DEFENDANTS' MARK) (requesting that Named Defendants produce "[a]ll DOCUMENTS that refer to, reflect, mention, or otherwise indicate the timing and circumstances of YOUR first learning about the FACEBOOK MARKS) (requesting that Named Defendants produce "[a]ll DOCUMENTS that refer to, reflect, mention, or otherwise indicate the timing and circumstances of YOUR first learning about Plaintiff Facebook), 20 (seeking to depose Named Defendants about "[a]ny efforts made to determine whether DEFENDANTS' MARKS would conflict with the intellectual property rights of third parties, including Facebook).) *See Am. Legalnet, Inc.*, 673 F. Supp. 2d at 1068; *Ellsworth Assocs., Inc.*, 917 F. Supp. at 844. For these reasons, Plaintiff's request for expedited discovery is denied.

IT IS SO ORDERED.

Dated: June 16, 2011

_____
DONNA M. RYU
United States Magistrate Judge

DENIED
Judge Donna M. Ryu

5