1  COOLEY LLP
   MICHAEL G. RHODES (116127) (rhodesmg@cooley.com)
2  GAVIN L. CHARLSTON (SBN 253899) (gcharlston@cooley.com)
   101 California Street, 5th Floor
3  San Francisco, CA  94111-5800
   Telephone:     (415) 693-2000
4  Facsimile:     (415) 693-2222

5  ANNE H. PECK (124790) (peckah@cooley.com)
   JEFFREY T. NORBERG (215087) (jnorberg@cooley.com)
6  3000 El Camino Real
   Palo Alto, CA  94306-2155
7  (650) 843-5000
   (650) 849-7400
8
   Attorneys for Plaintiff
9  FACEBOOK, INC.

10                    UNITED STATES DISTRICT COURT

11                  NORTHERN DISTRICT OF CALIFORNIA

12                         OAKLAND DIVISION

13  FACEBOOK, INC.,                      Case No.  4:11-cv-01805-SBA [DMR]

14              Plaintiff,               **STIPULATED PROTECTIVE ORDER
                                         FOR PROTECTING
15       v.                              CONFIDENTIALITY OF
                                         INFORMATION REVEALED
16  VARIOUS, INC.; GMCI INTERNET         DURING COURT PROCEEDINGS**
    OPERATIONS, INC.; TRAFFIC CAT, INC.;
17  FRIENDFINDER NETWORKS INC.; and
    DOES 1-100,
18
            Defendants.
19

20  AND RELATED COUNTERCLAIMS

21

22       1.    PURPOSES AND LIMITATIONS

23            Disclosure and discovery activity in this action are likely to involve production of

24  confidential, proprietary, or private information for which special protection from public

25  disclosure and from use for any purpose other than prosecuting this litigation may be warranted.

26  Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated

27  Protective Order ("Order").  The parties acknowledge that this Order does not confer blanket

28  protections on all disclosures or responses to discovery and that the protection it affords from

1    public disclosure and use extends only to the limited information or items that are entitled to

2    confidential treatment.  The parties further acknowledge, as set forth in Section 14.4, below, that

3    this Order does not entitle them to file confidential information under seal.  Instead, Civil Local

4    Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied

5    when a party seeks permission from the court to file material under seal.

6        2.    DEFINITIONS

7            2.1    Challenging Party: a Party or Non-Party that challenges the designation of

8    information or items under this Order.

9            2.2    "CONFIDENTIAL" Information or Items:  information (regardless of how

10   it is generated, stored, or maintained) or tangible things that qualify for protection under Federal

11   Rule of Civil Procedure 26(c) or under this Order.

12           2.3    Counsel (without qualifier):  Outside counsel of Record and House

13   Counsel (as well as their support staff).

14           2.4    Designating Party: a Party or Non-Party that designates information or

15   items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or

16   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

17           2.5    Disclosure or Discovery Material:    all items or information, regardless of

18   the medium or manner in which it is generated, stored, or maintained (including, among other

19   things, testimony, transcripts, and tangible things), that are produced or generated in disclosures

20   or responses to discovery in this matter.

21           2.6    Expert: a person with specialized knowledge or experience in a matter

22   pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert

23   witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a

24   Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a

25   Party or of a Party's competitor.

26           2.7    "HIGHLY   CONFIDENTIAL   –   ATTORNEYS'   EYES   ONLY"

27   Information or Items: extremely sensitive "Confidential Information or Items," disclosure of

28   which to another Party or Non-Party would create a substantial risk of serious harm that could not

1   be avoided by less restrictive means. Information classified as "HIGHLY CONFIDENTIAL –

2   ATTORNEYS' EYES ONLY" may not be used for any purpose other than for this proceeding.

3          2.8   <u>House Counsel:</u>   attorneys who are employees of a party to this action.

4   House Counsel does not include Outside Counsel of Record or any other outside counsel.

5          2.9   <u>Non-Party:</u>   any natural person, partnership, corporation, association, or

6   other legal entity not named as a Party to this action.

7          2.10   <u>Outside Counsel of Record:</u>   attorneys who are not employees of a party to

8   this action but are retained to represent or advise a party to this action and have appeared in this

9   action on behalf of that party or are affiliated with a law firm which has appeared on behalf of

10   that party.

11          2.11   <u>Party:</u>   any party to this action, including all of its officers, directors,

12   employees, consultants, retained experts, and Outside Counsel of Record (and their support

13   staffs).

14          2.12   <u>Producing Party:</u>   a Party or Non-Party that produces Disclosure or

15   Discovery Material in this action.

16          2.13   <u>Professional Vendors:</u> persons or entities that provide litigation support

17   services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and

18   organizing, storing, or retrieving data in any form or medium) and their employees and

19   subcontractors.

20          2.14   <u>Protected Material:</u>   any Disclosure or Discovery Material that is

21   designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

22   ONLY."

23          2.15   <u>Receiving Party:</u>   a party that receives Disclosure or Discovery Material

24   from a Producing Party.

25      3.   <u>SCOPE</u>

26          The protections conferred by this Stipulation and Order cover not only Protected

27   Material (as defined above), but also (1) any information copied or extracted from Protected

28   Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any

testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.     DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.     DESIGNATING PROTECTED MATERIAL

5.1     Exercise of Restraint and Care in Designating Material for Protection.

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the applicable standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Except as specifically provided for herein, mass, indiscriminate, or routinized designations are not permitted.

If it comes to a Designating Party's attention that information or items that it

designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2     Manner and Timing of Designations.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. Notwithstanding section 5.1, above, during the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and also specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 30 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 30 days shall be covered by the provisions of this Order. Alternatively, and notwithstanding section 5.1 above, a Designating Party may specify, at the deposition or up to 30 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges. A challenge to the designation of information as

protected must be made substantially contemporaneous with the designation, or as soon as practicable after the designation is made apparent.  When an untimely challenge is made, the court will presume the designation is correct, and the Challenging Party will be required to rebut this presumption by presenting affirmative evidence showing that the designation is improper. Otherwise, the party designating information as protected will, when its designation is timely challenged, bear the ultimate burden of proving that the information should be protected.

6.2     Meet and Confer.    The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     Judicial Intervention.    If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 14 days of either party declaring that the meet and confer process will not resolve their dispute. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.  Failure by the Designating Party to make such a motion including the required declaration within 14 days shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any

1   time if there is good cause for doing so, including a challenge to the designation of a deposition

2   transcript or any portions thereof.   Any motion brought pursuant to this provision must be

3   accompanied by a competent declaration affirming that the movant has complied with the meet

4   and confer requirements imposed by section 6.2, above.

5          The burden of persuasion in any such challenge proceeding shall be on the

6   Designating Party.  Unless the Designating Party has waived the confidentiality designation by

7   failing to file a motion to retain confidentiality as described above, all parties shall continue to

8   afford the material in question the level of protection to which it is entitled under the Producing

9   Party's designation until the court rules on the challenge.

10          7.          ACCESS TO AND USE OF PROTECTED MATERIAL

11          7.1          Basic Principles.  A Receiving Party may use Protected Material that is

12   disclosed or produced by another Party or by a Non-Party in connection with this case only for

13   prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be

14   disclosed only to the categories of persons and under the conditions described in this Order.

15   When the litigation has been terminated, a Receiving Party must comply with the provisions of

16   section 13 below (FINAL DISPOSITION).

17          Protected Material must be stored and maintained by a Receiving Party at a

18   location and in a secure manner that ensures that access is limited to the persons authorized under

19   this Order. The Receiving Party is required to store any electronic Protected Material in

20   password-protected form.

21          7.2          Disclosure of "Confidential" Information or Items.   Unless otherwise

22   ordered by the court or permitted in writing by the Designating Party, a Receiving Party may

23   disclose any information or item designated "CONFIDENTIAL" only to:

24          (a) the Receiving Party's Outside Counsel of Record in this action, as well as

25   employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the

26   information for this litigation;

27          (b) the officers, directors, and employees (including House Counsel) of the

28   Receiving Party to whom disclosure is reasonably necessary for this litigation.

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order; and

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or demonstrably knew the information.

7.3 Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) The following individuals, whom the parties represent do not engage in competitive decision making on behalf of any party:

Jo-Jean Panton Figueira, Vice President, Associate Counsel, Litigation, FriendFinder Networks Inc.

Diana Lynn Ballou, Esq., Associate Counsel, Litigation, FriendFinder Networks Inc.

Elissa K. Doroff, Esq., Director, SPL Complex Claims, Chartis Domestic Claims, Inc., Financial Lines (Ms. Doroff must also sign the Acknowledgement and Agreement to Be Bound attached to this Order as Exhibit A prior to being provided any Protected Material).

Sam O'Rourke, Deputy General Counsel – Intellectual Property, Facebook, Inc.

Kat Johnston, IP Counsel, Facebook, Inc.

Susan Kawaguchi, Domain Name Manager, Facebook, Inc.

(c) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a), below, have been followed;

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants; and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or demonstrably knew the information.

7.4     Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Experts.

(a)     Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b) first must provide written notice to the Designating Party that (1) sets forth the full name of the Expert and the city and state of his or her primary residence, (2) attaches a copy of the Expert's current resume, (3) identifies the Expert's current employer(s), (4) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the

1  preceding five years, and (5) identifies (by name and number of the case, filing date, and location

2  of court) any litigation in connection with which the Expert has offered expert testimony,

3  including through a declaration, report, or testimony at a deposition or trial, during the preceding

4  five years.

5         (b) A Party that makes a request and provides the information specified in the

6  preceding respective paragraphs may disclose the subject Protected Material to the identified

7  Expert unless, within 14 days of delivering the request, the Party receives a written objection

8  from the Designating Party.  Any such objection must set forth in detail the grounds on which it is

9  based.

10         (c) A Party that receives a timely written objection must meet and confer with the

11  Designating Party (through direct voice to voice dialogue) to try to resolve the matter by

12  agreement within seven days of the written objection.  If no agreement is reached, the Party

13  seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7

14  (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court

15  to do so.  Any such motion must describe the circumstances with specificity, set forth in detail the

16  reasons why the disclosure to the Expert is reasonably necessary, assess the risk of harm that the

17  disclosure would entail, and suggest any additional means that could be used to reduce that risk.

18  In addition, any such motion must be accompanied by a competent declaration describing the

19  parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and

20  confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal

21  to approve the disclosure.

22         In any such proceeding, the Party opposing disclosure to the Expert shall bear the

23  burden of proving that the risk of harm that the disclosure would entail (under the safeguards

24  proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

25         8.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN</u>

26  <u>OTHER LITIGATION</u>

27         If a Party is served with a subpoena or a court order issued in other litigation that

28  compels disclosure of any information or items designated in this action as "CONFIDENTIAL"

Cooley LLP
Attorneys At Law
San Francisco

11.

STIPULATED PROTECTIVE ORDER
CASE NO. 4:11-CV-01805 SBA [DMR]

or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

(a) as soon as practicable notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) as soon as practicable notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)     The terms of this Order are applicable to information produced by a Non-Party in this action and designated by any Party or Non-Party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"" hereunder.  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

12.

STIPULATED PROTECTIVE ORDER
CASE NO. 4:11-CV-01805 SBA [DMR]

1          1.       as soon as practicable notify in writing the Requesting Party and the

2    Non-Party that some or all of the information requested is subject to a confidentiality agreement

3    with a Non-Party;

4          2.       as soon as practicable provide the Non-Party with a copy of this

5    Order, the relevant discovery request(s), and a reasonably specific description of the information

6    requested; and

7          3.       make the information requested available for inspection by the

8    Non-Party.

9          (c)      If the Non-Party fails to object or seek a protective order from this court

10   within 14 days of receiving the notice and accompanying information, the Receiving Party may

11   produce the Non-Party's confidential information responsive to the discovery request. If the Non-

12   Party timely seeks a protective order, the Receiving Party shall not produce any information in its

13   possession or control that is subject to the confidentiality agreement with the Non-Party before a

14   determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the

15   burden and expense of seeking protection in this court of its Protected Material.

16       10.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

17          If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

18   Protected Material to any person or in any circumstances not authorized under this Order, the

19   Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized

20   disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c)

21   inform the person or persons to whom unauthorized disclosures were made of all the terms of this

22   Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to

23   Be Bound" that is attached hereto as Exhibit A.

24       11.      ACCEPTANCE OF INFORMATION; INADVERTENT PRODUCTION OF

25   PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

26          Acceptance by a Party or its attorney of information disclosed under designation as

27   protected shall not constitute an admission that the information is, in fact, entitled to protection.

28          So long as a Party has made reasonable efforts to correctly designate all

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

13.

"CONFIDENTIAL", or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, inadvertent disclosure of information which the Disclosing Party intended to designate as protected shall not constitute waiver of any right to claim the information as protected upon discovery of the error.

Any Party who inadvertently fails to designate documents or other materials as "CONFIDENTIAL", or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall have 10 days from the discovery of its oversight to correct the failure.  Such failure shall be corrected by providing written notice of the error and substituted, properly marked copies of the inadvertently produced documents.

Any Party retrieving such inadvertently unmarked documents shall make reasonable efforts to retrieve documents distributed to persons not entitled to receive documents with the corrected designations.

Disclosure of information subject to a claim of attorney-client privilege or attorney work product protection shall be considered inadvertent so long as a Party has made reasonable efforts to prevent inadvertent disclosure.  An inadvertent disclosure of information subject to a claim of attorney-client privilege or attorney work product protection shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection.

Any Party who inadvertently discloses documents that are privileged or otherwise immune from discovery shall, promptly upon discovery of such inadvertent disclosure, so advise the Receiving Party and request that the documents be returned.  The Receiving Party shall return such inadvertently produced documents, including all copies within 10 days of receiving such a written request.  Within 10 business days of the return of inadvertently produced documents, the Disclosing Party shall produce a privilege log with respect to the inadvertently disclosed information.

The Receiving Party may thereafter move the court for an order compelling production of the inadvertently disclosed information.  The Disclosing Party retains the burden of establishing the privileged or protected nature of any inadvertently disclosed information.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

14.

STIPULATED PROTECTIVE ORDER
CASE NO. 4:11-CV-01805 SBA [DMR]

12.    <u>MISCELLANEOUS</u>

       12.1    <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

       12.2    <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.  Similarly, no party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

       12.3    <u>Export Control</u>.  Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. The Producing Party shall be responsible for identifying any such controlled technical data, and the Receiving Party shall take measures necessary to ensure compliance.

       12.4    <u>Filing Protected Material</u>.    Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

13.    <u>FINAL DISPOSITION</u>

       Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts,

Cooley LLP
Attorneys At Law
San Francisco

15.

STIPULATED PROTECTIVE ORDER
CASE NO. 4:11-CV-01805 SBA [DMR]

compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 30 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

1  product, and consultant and expert work product, even if such materials contain Protected

2  Material.  Any such archival copies that contain or constitute Protected Material remain subject to

3  this Order as set forth in Section 4 (DURATION).

4  **IT IS SO STIPULATED THROUGH COUNSEL OF RECORD:**

5  Dated: September 26, 2011                    COOLEY LLP
                                                MICHAEL G. RHODES (116127)
6                                               ANNE H. PECK (124790)
                                                JEFFREY T. NORBERG (215087)
7
                                                */s/ Jeffrey T. Norberg*
8                                               Jeffrey T. Norberg (215087)
                                                Attorneys for Plaintiff
9                                               FACEBOOK, INC.

10

11                                              KATTEN MUCHIN ROSENMAN LLP
                                                KRISTIN L. HOLLAND (187314)
12                                              FLOYD A. MANDELL (*pro hac vice*)
                                                WILLIAM J. DORSEY (*pro hac vice*)
13
                                                */s/ Kristin L. Holland*
14                                              Kristin L. Holland (187314)
                                                Attorneys for Defendants
15                                              VARIOUS, INC., et al.

16

17  **PURSUANT TO STIPULATION, IT IS SO ORDERED:**

18

19

20  Dated: _____     _____
                                       Honorable Donna M. Ryu
21                                     United States Magistrate Judge

22

23

24

25

26

27

28

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

17.

STIPULATED PROTECTIVE ORDER
CASE NO. 4:11-CV-01805 SBA [DMR]

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury

that I have read in its entirety and understand the Stipulated Protective Order that was issued by

the United States District Court for the Northern District of California on _____ [date] in

the case of *Facebook, Inc. v. Various, Inc., et al.*, Case No. 4:11-CV-01805-SBA.  I agree to

comply with and to be bound by all the terms of this Stipulated Protective Order and I understand

and acknowledge that failure to so comply could expose me to sanctions and punishment in the

nature of contempt.  I solemnly promise that I will not disclose in any manner any information or

item that is subject to this Stipulated Protective Order to any person or entity except in strict

compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for

the Northern District of California for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number] as my

California agent for service of process in connection with this action or any proceedings related to

enforcement of this Stipulated Protective Order.

Date:  _____

City and State where sworn and signed: _____

Printed name: _____
　　　　　　　　　[printed name]

Signature: _____
　　　　　　　　[signature]

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

## GENERAL ORDER 45 ATTESTATION

2          In accordance with General Order 45, concurrence in the filing of this document has been

3   obtained from each of the signatories and I shall maintain records to support this concurrence for

4   subsequent production for the Court if so ordered or for inspection upon request by a party.

5

6

7                                                  */s/ Jeffrey T. Norberg*
                                                   Jeffrey T. Norberg
8                                                  Attorneys for Plaintiff
                                                   FACEBOOK, INC.
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Cooley LLP
Attorneys At Law
San Francisco

19.

STIPULATED PROTECTIVE ORDER
CASE NO. 4:11-CV-01805 SBA [DMR]